UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN RODRIGUEZ, | : | Case No. 3:20-cv-1872 (SVN) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| DIANE EASTER, et al., | : | |
| *Defendants*. | : | April 22, 2022 |

## INITIAL REVIEW ORDER ON AMENDED COMPLAINT

Plaintiff Juan Rodriguez is an inmate confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). In December of 2020, Plaintiff filed a complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Warden Diane Easter, Medical Staff Member A. DuKane, Com-Shop Worker Coutino, and SIS Worker Pizzano. Compl., ECF No. 1. In its Initial Review Order, the Court dismissed all of Plaintiff's claims without prejudice to Plaintiff filing an amended complaint that addressed the deficiencies identified in the Initial Review Order. ECF No. 11. The Court specifically stated that Plaintiff could attempt to remedy the deficiencies in his claim against Defendant DuKane in an amended complaint. *Id.* at 17.

Plaintiff timely filed an amended complaint, in which he alleges claims against Warden Easter, A. Dukate, Lieutenant Quineones, Lieutenant John Doe, and three correctional officers, each only identified as John Doe. ECF No. 13. For the reasons described below, the Court will allow Plaintiff's claim to proceed against A. Dukate, Lieutenant Quineones, and the three John Doe correctional officers, but dismisses the amended complaint as to Warden Easter and Lieutenant John Doe.

I.    AMENDED COMPLAINT

The amended complaint focuses on a day in January of 2020 on which Plaintiff refused to shovel snow, given his age and back problems. *Id.* at 1. The allegations in the amended complaint are accepted as true for purposes of initial review.[1] Plaintiff claims that, upon his refusal to shovel snow, he was roughly handcuffed and escorted to the Segregated Housing Unit ("SHU") by the three John Doe correctional officers based on an order from Lieutenant Quineones. *Id.* at 1, 3. On the way to the SHU, Plaintiff's back "locked up" and his wrist "swelled severely." *Id.* at 1. Plaintiff asked the correctional officers to "see medical," but was told to "shut up" and was given an incident report for talking back to one of the officers. *Id.* at 1–2. The officers and Lieutenant Quineones allegedly laughed at Plaintiff and called him names. *Id.* at 2. Plaintiff alleges he asked again to "see the medical staff" but was again denied. *Id.*

Plaintiff further alleges that, while he was housed in SHU, he asked medical personnel to be seen by a doctor every time he encountered such personnel. *Id.* He complained about his back pain and "skin discoloration/inflamation [sic] every chance [he] got," but was ignored. *Id.* Plaintiff alleges his complaints were ignored for weeks while he suffered in severe pain that at times was so bad, he wanted to commit suicide. *Id.*

Finally, in a section entitled "Medical Administrator," Plaintiff alleges that Ms. A. Dukate ignored many of his pleas for medical attention. *Id.* at 4. Specifically, he claims that he directly told A. Dukate about his back pain and sprained wrist, but she ignored him. *Id.* He further asserts that he asked to have photos taken, presumably of his injuries, but she again ignored him. *Id.*

---

[1] *See Dehany v. Chagnon*, No. 3:17-cv-00308 (JAM), 2017 WL 2661624, at *3 (D. Conn. June 20, 2017) (for purposes of Section 1915A review, "[t]he Court must accept as true all factual matters alleged in a complaint").

## II. STANDARD OF REVIEW

The applicable standard of review is set forth in detail in the Court's first Initial Review Order. ECF No. 11. The Court incorporates that discussion here. Generally, under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

As explained in the Court's first Initial Review Order, Plaintiff is proceeding in this action under *Bivens*. In his amended complaint, Plaintiff appears to pursue only Eighth Amendment deliberate indifference to health claims, which are cognizable under *Bivens*. *See* ECF No. 11 at 7–9.

### A. Deliberate Indifference Standard

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege facts showing both that his need was serious, and that the defendant acted with a sufficiently culpable state of mind.[2] *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing, *inter alia*, *Estelle v. Gamble*, 429 U.S. 97 (1976)). There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently

---

[2] Because a *Bivens* action is the non-statutory federal counterpart of a civil rights action under 42 U.S.C. § 1983, the courts look to section 1983 cases for applicable law. *See Taverez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

serious." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). A "sufficiently serious" deprivation can exist if Plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The defendant also must have been "subjectively reckless." *Spavone*, 719 F.3d at 138. This requires that the defendant was "*actually aware* of a substantial risk" that Plaintiff would suffer serious harm as a result of the defendant's actions or inactions. *Id.* The defendant "need only be aware of the risk of harm, not intend harm," and "awareness may be proven 'from the very fact that the risk was obvious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). Negligence that would merely support a claim for medical malpractice does not rise to the level of deliberate indifference. *Hathaway*, 99 F.3d at 553–54.

      B. <u>Specific Defendants</u>

In its caption, Plaintiff's amended complaint lists Warden Easter, A. Dukate, Lt. John Doe, Lt. Quineones, and three John Doe correctional officers. Later, in a section Plaintiff labels "Defendants," Plaintiff lists all of the above individuals except Lt. John Doe. Based on the Court's review of the amended complaint, there are no allegations pertaining to Lt. John Doe. Therefore, Lt. John Doe, to the extent he is part of this suit because he is named in the caption of the amended complaint, is dismissed from the action.

Additionally, the claim against Warden Easter is not cognizable because she appears to be sued only in her supervisory capacity. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the constitutional violation requires." *See Tangreti v. Bachmann*, 983 F.3d 609, 617 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 677). Subsequently, in

*Tangreti*, the Second Circuit held that, "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). Here, Plaintiff has alleged no facts concerning any direct involvement by Warden Easter in the events set forth in the amended complaint. Therefore, Warden Eastern is dismissed from the action.

Plaintiff's allegations against Lieutenant Quineones and the three John Doe correctional officers will be allowed to proceed for further development of the factual record. Plaintiff alleges that he was in severe pain as a result of his back seizing up and his wrist swelling while he was being escorted to SHU by the three John Doe correctional officers. The Court finds, for purposes of initial review, that Plaintiff has sufficiently alleged that he had a serious medical need on account of these injuries. Additionally, Plaintiff alleges that he requested medical attention for his back and wrist and that Lieutenant Quineones and the John Doe correctional officers not only ignored these requests, but also laughed at Plaintiff and called him names. These allegations are sufficient to demonstrate, for purposes of initial review, that Lieutenant Quineones and the John Doe correctional officers were subjectively reckless, in that they were actually aware of a substantial risk that Plaintiff would suffer serious harm as a result of their refusal to heed his requests for medical attention.

Plaintiff's allegations against A. Dukate will also be allowed to proceed. Plaintiff claims that he told A. Dukate about his back pain and sprained wrist and requested that pictures be taken of his injuries, but A. Dukate ignored him. The Court has already found that, for purposes of initial review, the injuries alleged are sufficiently serious. Based on the allegation of the amended complaint that Plaintiff told A. Dukate of his injuries but she ignored them, it appears that the

threshold for subjective recklessness is also met for A. Dukate, at least for purposes of initial review.

All claims that are proceeding shall proceed against Defendants in their individual capacities only. *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." (citing *Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 652 (2d Cir. 1998)).

## ORDERS

1. Lieutenant John Doe and Warden Easter are DISMISSED from this action.

2. The *Bivens* claim for deliberate indifference to medical needs against Defendants Lieutenant Quineones, Correctional Officers John Does 1, 2, and 3, and A. Dukate shall proceed for further development of the factual record. The claims shall proceed against these Defendants in their individual capacities only.

3. The Clerk shall provide Plaintiff with the necessary waiver of service forms for Lieutenant Quineones and A. Dukate. Because Plaintiff was <u>not</u> granted leave to proceed *in forma pauperis* and he has paid the filing fee, **the United States Marshals Service will <u>not</u> effect service. Plaintiff is responsible for serving all Defendants.** Plaintiff shall file a notice indicating the date on which he mailed the notice of lawsuit and waiver of service of summons forms to Defendants and shall file the waiver of service of summons forms if and when he receives them. If any Defendant fails to return a signed waiver of service of summons form, Plaintiff shall request a summons from the Clerk and arrange for service on that Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, a copy of which is attached to this Order.

Connecticut law requires that defendants sued in their individual capacities "be served by leaving a true and attested copy of [the summons and complaint] with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. § 52-57(a); *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498, 507 (2d Cir. 2006). Plaintiff may use any legal method for service of process, such as a private process server.

The amended complaint must be served within **ninety (90) days** of the date of this Order, that is, on or before **July 21, 2022**. A signed waiver of service or a return of service as to each remaining Defendant must be docketed on or before **August 4, 2022**. Failure to obtain timely signed waivers or to timely serve a Defendant will result in the dismissal of this action as to that Defendant.

4. Service cannot be ordered on Correctional Officers John Does 1, 2, and 3 without those Defendants' full names and current addresses. Accordingly, Plaintiff must file a Notice on the docket identifying these Defendants by name, and providing addresses at which each Defendant may be served, on or before **June 21, 2022**. If Plaintiff makes a diligent effort to identify Correctional Officers John Does 1, 2, and 3 but is unable to do so, he must file a Notice on the docket **on or before June 21, 2022**, describing in detail his efforts to identify them. **Failure to comply with this Order will result in dismissal of this action against Correctional Officers John Does 1, 2, and 3.**

5. After Defendants are served and file a responsive pleading, the Court will set a schedule for the case.

6. **CHANGES OF ADDRESS**: If Plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the **Court**.

Case 3:20-cv-01872-SVN   Document 14   Filed 04/22/22   Page 8 of 8

8

**Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the Notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. Plaintiff should also notify Defendants or defense counsel of his new address.

**SO ORDERED** at Hartford, Connecticut, this 22nd day of April, 2022.

                                               */s/ Sarala V. Nagala*
                                               SARALA V. NAGALA
                                               UNITED STATES DISTRICT JUDGE